T.C. Memo. 1997-426


UNITED STATES TAX COURT


D. SAM SCHEELE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11469-95.          Filed September 22, 1997.


    R determined a deficiency in tax and a penalty
because P omitted from gross income an amount received
pursuant to a series of agreements relating to a
partnership that had prevailed in a lawsuit and in
which P was a partner.  P claimed that he received the
payment in consideration for giving up his claim for
damages on account of personal injuries.
    1.  Held:  P has failed to prove that the payment
was in settlement of a claim for damages on account of
personal injuries.
    2.  Held, further, P is liable for the penalty
under sec. 6662(a).


Wesley W. Kirtley, for petitioner.

Catherine J. Caballero, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for his 1989 taxable year of $67,883 and a penalty under section 6662(a) of $13,577.  The issues we must decide are (1) whether petitioner may exclude an amount from gross income as damages received on account of personal injuries and (2) whether petitioner is liable for the penalty.

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Some of the facts have been stipulated and are so found. The stipulation of facts filed by the parties, with accompanying exhibits, is incorporated herein by this reference.  We need find few facts in addition to those stipulated; accordingly, we shall not separately set forth those findings and shall include our additional findings of fact in the discussion that follows. Petitioner bears the burden of proof.  Rule 142(a).

Background

Introduction

Petitioner resided in Grants Pass, Oregon, at the time the petition was filed.

In November and December 1989, petitioner received from one Lee Weisel (Weisel) payments totaling $279,219 (the Weisel payment). Petitioner did not include the Weisel payment as an item of gross income in his 1989 Federal income tax return. Petitioner's omission of the Weisel payment from gross income is the principal basis for respondent's determination of a deficiency. To understand petitioner's reason for not reporting the Weisel payment as an item of gross income, it is necessary to understand something of petitioner's business dealings during the years prior to the payment.

Biomass One L.P.

Biomass One L.P. (Biomass) is a Delaware limited partnership formed in 1984 to own and operate a woodwaste-fired, thermal electric power and steam generating facility, which was to be constructed in White City, Oregon (the cogeneration facility).

Biomass Operating Co., Inc. (Biomass Operating), is an Oregon corporation. Petitioner and Weisel are two of three shareholders of Biomass Operating. At various times between December 31, 1984, and January 12, 1989, petitioner, Weisel, and Biomass Operating were, alone or together, managing general partners of Biomass.

Sometime in March 1984, Biomass entered into a contract for the design and construction of the cogeneration facility (the

construction contract) with four of its limited partners (the participating limited partners) and with a contractor (S-P Construction) and an architect/engineer (collectively, the S-P parties). The participating limited partners had various ownership interests in S-P Construction and the architect/engineer.

Biomass Lawsuit

In 1987, Biomass and Biomass Operating sued the S-P parties for compensatory and punitive damages relating to their performance of the construction contract (the Biomass lawsuit). The original complaint (the first complaint) alleges breach of contract and negligence and includes claims for damages due to loss of reputation and goodwill. In March 1988, Biomass and Biomass Operating filed a third amended complaint in the Biomass lawsuit (the third amended complaint). The third amended complaint adds Aetna Ins. Co. (Aetna) as a defendant and includes more detailed allegations relating to the S-P parties' performance under the construction contract, but makes no claims for damages due to loss of reputation or goodwill.

In 1989, the Biomass lawsuit was resolved by agreement (the settlement agreement). The settlement agreement requires S-P Construction to pay Biomass funds from its insurers totaling approximately $9,200,000. The settlement agreement includes a

general release of all claims and counterclaims relating to the construction contract. Petitioner signed the settlement agreement, as did the other current and former managing general partners in Biomass.

A trust account (the trust account) was established by the law firm of Irell and Manella, attorneys for Biomass, to hold and disburse the funds received pursuant to the settlement agreement (the settlement proceeds).

Option Agreement

Previously, on December 31, 1987, petitioner, Weisel, and certain limited partners of Biomass, including Laurence A., Preston R., Daniel R. and Thomas J. Tisch, and Project Capital 1985, a New York general partnership (collectively, the Tisch group), had entered into an option agreement (the option agreement).

At the time the option agreement was executed, petitioner and Weisel had equal interests in Biomass (a 3.3-percent interest that would become a 14.561-percent interest after the 60th month of commercial operation of the cogeneration facility). Under the option agreement, the Tisch group had the option to purchase part of Weisel's and petitioner's interests in Biomass. The amount to

be paid to petitioner and Weisel upon exercise of the option was $1 million each.

Part of the consideration received by petitioner and Weisel for entering into the option agreement was the promise by the Tisch group to fund the Biomass lawsuit upon agreement being reached among the Tisch group, petitioner, and Weisel as to the strategy and approach to be followed in that litigation. Among the conditions precedent to the Tisch group's exercise of its option under the option agreement was that Weisel be given the opportunity to enter into an agreement with Biomass providing Weisel the right to receive 7.5 percent of the gross recovery from the Biomass lawsuit.

The option agreement also provided that, once the Tisch group exercised its option, petitioner would resign as managing general partner of Biomass and Weisel would resign as both a managing general partner and a general partner of Biomass.

The Tisch group exercised its rights under the option agreement with respect to both petitioner and Weisel. After that exercise, in accordance with the option agreement, petitioner retained a 2.2-percent interest in Biomass that would become a 12.262-percent interest in Biomass after the 60th month of commercial operation of the cogeneration facility, and Weisel

retained a 2.2-percent interest that would remain a 2.2-percent interest.

## Weisel Resignation Agreement

On October 14, 1988, as required by the option agreement, Weisel and Biomass entered into an agreement (the Weisel resignation agreement). Among other things, the Weisel resignation agreement grants Weisel 7.5 percent of the gross recovery from the Biomass lawsuit.

## Weisel-Petitioner Sharing Agreement

Also on October 14, 1988, Weisel and petitioner entered into an agreement (the Weisel-petitioner sharing agreement) whereby they agreed to share their interests in Biomass equally, including, among other things, Weisel's 7.5-percent interest in the gross recovery from the Biomass lawsuit. Petitioner and Weisel had agreed prior to entering into the option agreement that they would not enter into the option agreement unless they shared everything they received from Biomass.

## Settlement Proceeds

After the settlement of the Biomass lawsuit, by a letter dated November 14, 1989, Marc D. Rappaport, the then managing general partner of Biomass authorized Irell and Manella to pay Weisel 7.5 percent of the settlement proceeds then held in the trust account. Pursuant to that authorization, payments from the

trust account in the total amount of $558,438 were made to Weisel in November and December 1989.

Payment to Petitioner

In November and December 1989, pursuant to the Weisel-petitioner sharing agreement, petitioner received from Weisel payments totaling $279,219 (viz, the Weisel payment).

Discussion

I. Deficiency

A. Introduction

We must determine whether the Weisel payment is excludable from gross income pursuant to section 104(a)(2). In pertinent part, section 104(a)(2) provides: "gross income does not include * * * the amount of any damages received (whether by suit or agreement * * * ) on account of personal injuries or sickness". Petitioner argues that the Weisel payment is a recovery for damage to his professional reputation as a result of the problems arising out of the construction and performance of the cogeneration facility and, thus, is excludable under section 104(a)(2) as damages received on account of personal injuries. Petitioner claims that the Weisel payment was made in liquidation of claims asserted in the first complaint against the S-P parties in the Biomass lawsuit. Respondent argues that the settlement agreement did not settle any claims of personal injury and that

the Weisel payment was received in consideration for petitioner's transfer to Weisel of part of petitioner's substantially larger interest in Biomass. Petitioner bears the burden of proof, Rule 142(a), and has failed to prove that the Weisel payment constitutes an amount of damages received on account of personal injuries.

B. <u>Biomass Lawsuit</u>

Section 1.104-1(c), Income Tax Regs., interprets section 104(a)(2) as follows:

> Section 104(a)(2) excludes from gross income the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness. The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution.

The settlement proceeds do not constitute damages received on account of personal injuries (to petitioner) within the meaning of section 104(a)(2). The third amended complaint, which was the basis for the settlement agreement, makes no claims for damages due to personal injuries to petitioner. The settlement agreement makes no allocation to claims for such damages, and petitioner has failed to show that the S-P parties intended to settle any claims for personal injuries to petitioner. See <u>Stocks v. Commissioner</u>, 98 T.C. 1, 10 (1992) ("the most important factor in determining any exclusion under section 104(a)(2) is

'the intent of the payor' as to the purpose in making the payment") (citing <u>Knuckles v. Commissioner</u>, 349 F.2d 610, 612 (10th Cir. 1965), affg. T.C. Memo. 1964-33); <u>Metzger v. Commissioner</u>, 88 T.C. 834, 847-848 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988). Nor do we infer from the general release included in the settlement agreement that any portion of the settlement proceeds constitutes payment for personal injury claims not specified in that agreement. See <u>Galligan v. Commissioner</u>, T.C. Memo. 1993-605.

C. <u>Bargained For Consideration</u>

Petitioner argues alternatively that, even if the settlement proceeds per se do not constitute damages on account of personal injuries, he received a share of those proceeds by way of the option agreement, the Weisel resignation agreement, and the Weisel-petitioner sharing agreement (collectively, the pertinent agreements) in consideration for his "willingly let[ting] the claims for damages to reputation and good will be eliminated in the third amended complaint so the settlement could be directed toward receipt of insurance proceeds."

Petitioner has failed to convince us, however, that he received the Weisel payment in consideration for giving up (settling) any claims for damages on account of personal injuries. None of the pertinent agreements mentions the

elimination of any personal injury claims in the Biomass lawsuit (or otherwise) as being in consideration for the benefits to be received by petitioner (or Weisel).  The option agreement provides for agreement to be reached as to strategy and approach to the Biomass lawsuit, but that provision is insufficient to convince us that any of the 7.5-percent payment to Weisel was in consideration for petitioner's giving up any claims.  Weisel gave up a greater portion of his partnership interest than did petitioner and may have received the 7.5-percent payment in consideration therefor.  Even if we grant that, because of the Weisel-petitioner sharing agreement, petitioner had a one-half interest in the 7.5-percent payment, petitioner has failed to convince us that the 7.5-percent payment was received in consideration for anything other than the partnership interests and other items of consideration set forth in the option agreement.  We take the pertinent agreements at face value and accord little weight to petitioner's uncorroborated and self-serving testimony.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  In addition, we draw a negative inference from petitioner's failure to present the testimony of any other party to the transactions.  Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).  In sum, petitioner has failed to convince us that

the 7.5-percent payment to Weisel (or the Weisel payment to petitioner) was in consideration for any settlement by petitioner of a claim for damages on account of personal injuries.

II. Section 6662 Penalty

Section 6662(a) imposes a penalty in the amount of 20 percent of any portion of an underpayment of tax required to be shown on a return that is attributable to one or more factors listed in section 6662(b). Those factors include negligence or disregard of rules or regulations and any substantial understatement of income tax. The term "negligence" includes "any failure to make a reasonable attempt to comply with the provisions" of the Code, and the term "disregard" includes "any careless, reckless, or intentional disregard." Sec. 6662(c). Section 6662(d)(1)(A) provides that there is a substantial understatement of income tax if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Petitioner has the burden of proving that respondent's determination under section 6662(a) is incorrect. Rule 142(a).

Petitioner has failed to submit any evidence or argument with respect to respondent's determination that petitioner is liable for the penalty pursuant to section 6662(a), except for

his argument that the Weisel payment is excludable under section 104(a)(2).  Petitioner has failed to carry his burden of proof and, thus, petitioner is liable for the penalty imposed by section 6662(a).

<u>Decision will be entered</u>

<u>for respondent</u>.